IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JESSIE MAE SAWYER,

    Plaintiff,

v.                                        CASE NO. 1:21-cv-85-MW-GRJ

CAMPUS USA CREDIT UNION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's First Motion to Dismiss the Second Amended Complaint of *pro se* Plaintiff Jessie Mae Sawyer ("Sawyer"). ECF No. 44.  Sawyer has responded in opposition, ECF No. ECF No. 49.  Because only state law claims remain in this case, the undersigned it is recommended that the Court decline exercising supplemental jurisdiction over the claims under 28 U.S.C. § 1367(c), and dismiss this case without prejudice.

## PROCEDURAL HISTORY

This lawsuit involves a dispute over Defendant Campus USA Credit Union's ("Campus USA") handling of Sawyer's "Free Checking Account, Savings Account, and Express Line of Credit" at one of Campus USA's

1

branches in Gainesville, Florida.  ECF No. 1-2 at 1.  Sawyer filed her original complaint in the Eighth Judicial Circuit Court (Alachua County, Florida) on April 8, 2021.  *Id*. In that complaint, Sawyer attempted to assert a variety of claims based upon Florida state law:  Negligence (Count I), *id*. at 14-15; Product Liability (Count II), *id*. at 15-17; Malpractice with Inflicted Emotional Distress (Count III), *id*. at 17-18; Violation of Florida Statutes Governing Credit Unions (Count IV), *id*. at 18-21; and Negligent Risk Management (Count V), *id*. at 21.

On May 3, 2021, Campus USA removed the case to this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1441 (removal jurisdiction), and 1446 (removal procedure).  ECF No. 1 at 1.  On two subsequent occasions, Sawyer sought remand, ECF Nos. 23, 29.  Campus USA opposed remand on the grounds that Sawyer's "operative pleading purports to assert claims for unfair, deceptive or abusive acts and practices under the Dodd-Frank Wall Street Reform and Consumer Protection Act, violations of the Truth in Lending Act, and violations of the Fair Debt Collection Practices Act."  ECF No. 26 at 3.  The Court denied remand on August 10, 2021.  ECF No. 34.  Sawyer thereafter abandoned her federal claims and filed a Second Amended Complaint asserting only state law claims.  ECF No. 43.

Now before the Court is Campus USA's Motion to Dismiss the Second Amended Complaint, ECF No. 44, and Sawyer's response in opposition, ECF No. 51.

**BACKGROUND FACTS**

In this lawsuit, Sawyer's allegations can be grouped generally into three main categories of what she calls "losses". First, Sawyer complains that Campus USA's failure to provide her with access to an online loan application caused her loss. Second, Sawyer complains that Campus USA's processing of one of her debit card purchases sooner than she anticipated resulted in her inability to pay for a Lyft ride out of her account, causing her loss. Third, Sawyer says that Campus USA's security protocols, security blocks on her debit card, and alleged "irregular transactions" in her checking account also caused her loss.

Sawyer's specific allegations, taken as true, are summarized as follows. Sawyer has been a member of the Campus USA for eight years. ECF No. 43 at 3 ¶ 9. On December 14, 2017, Campus USA offered its credit union members the opportunity to apply for a promotional loan if the member applied between the hours of 8:00 a.m. and 12:00 pm EST on December 14, 2017. ECF No. 43 at 4 ¶ 15. On December 14, 2017, Sawyer attempted to access the loan application online, but the link to the

loan application was "blocked". ECF No. 43 at 5 ¶ 20. At 8:02 a.m. on the 14th, Sawyer called the bank to find out why the link to the loan application was blocked, yet "no one would open the link in order for [Sawyer] to process the loan application, although she was qualified for [the loan]…." *Id*. at 6 ¶ 22. Later, Campus USA provided Sawyer with another link to the loan application via e-mail, and this time, too, the link was "blocked". *Id*. ¶ 23. Sawyer complains that Campus USA's "mismanagement" of her access to the online loan application prevented her from obtaining the loan and consequently "dramatically effected [Sawyer's] finances, further housing rent, and created excessive stress…." *Id*. at 6 ¶ 28.

Second, Plaintiff alleges that Campus USA's processing of Sawyer's debit card transactions between September 4-8, 2019 were not made at the "normal timing" nor did the transactions show as "pending transactions" like they should have. *Id*. at 7 ¶ 35. As a result, Sawyer's balance in her account was "too low to use the funds [she] was expecting to use for a Lyft ride to the airport." *Id*. at 8 ¶ 42.

Finally, because of Sawyer's issues with the bank described above, Sawyer says she was forced to contact Campus USA's call centers, where Campus USA employees "intentionally harassed her with excessive security questions." *Id*. at 14 ¶ 68. "Too often [Sawyer] had to call the call

4

center in Gainesville, Fl and ask them to remove the blocks on her debit card, and, later, her internal transfers." ECF No. 43 at 15 ¶ 72. Not only did Campus USA continue the security blocks on Sawyer's debit card, but Campus USA attempted to charge Sawyer "$20/hour to get copies of old statements and $7.50/statement." *Id*. ¶ 74. Further, Sawyer alleges Campus USA "ignored [Sawyer's] concerns about the irregular transactions in her … checking account." *Id*. ¶ 76.

Based on these allegations, Sawyer attempts to assert the following state law claims against Campus USA: Breach of Contract and Covenant of Good Faith and Fair Dealing (Count I); Negligent Misrepresentation to Block Solicitation (Count II); Negligence: Mismanagement of Plaintiff's Finances (Count III); Negligent Breach of a Duty of Timeliness, Fla. Stat. Ch. 694 § 1091 (Count IV); Negligent Breach of a Duty of Ordinary Care (Count V); Unintentional Harassment, Negligence *Per Se* (Count VI); Negligent Intentional Interference of Plaintiff's Products (Count VII);[1] Negligent Misconduct and Breach of Good Faith and Fair Dealing (Count VIII);[2] Reckless Breach of Ordinary Care (Count IX);[3] Negligent Breach of

---

[1] Count VII is mislabeled Count VIII.
[2] Count VIII is mislabeled Count IX.
[3] Count IX is mislabeled Count X.

5

Duty of Supervisors to Manage Staff (Count X); and Negligence by USA Credit Union Employees During Pandemic (Count XI).

For relief, Sawyer seeks monetary damages in the amount of $113,797.00, reimbursement of $10,000.00 in fees and other costs, and any such punitive damages as the Court deems appropriate. ECF No. 43 at 31.

## DISCUSSION

At the motion to dismiss stage, the only remaining claims in this case are state law claims. The Court must, therefore, decide whether it should exercise supplemental jurisdiction over those claims.

"The jurisdiction of federal courts is… limited; the federal district court may exercise only that jurisdiction which Congress has prescribed." *Loc. Div. 732, Amalgamated Transit Union v. Metro. Atlanta Rapid Transit Auth.*, 667 F.2d 1327, 1331 (11th Cir. 1982) (*citing Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940); *Marshall v. Gibsons Products, Inc.*, 584 F.2d 668, 672 (5th Cir. 1978)). Under 28 U.S.C. § 1367, Congress has authorized the district courts to exercise supplemental jurisdiction over related state law claims as long as the district court has original jurisdiction over the case. 28 U.S.C. § 1367(a) ("…in any civil action in which the direct courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution….").

Whenever a federal court has supplemental jurisdiction under 28 U.S.C. § 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies. *Palmer v. Hosp. Auth. of Randolph Cty.,* 22 F.3d 1559, 1569 (11th Cir. 1994). Under section 1367(c), the district court's exercise of supplemental jurisdiction is discretionary if one of the following factors is present:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss the supplemental state law claims in a case. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (*citing* Palmer, 22 F.3d at 1569).

In this case, the Court has discretion under section 1367(c)(3) to decline to exercise supplemental jurisdiction over the only claims remaining

7

in this lawsuit. Because the resolution of these state law claims depends upon determinations of state law, the state courts, and not the federal courts, should be the final arbiters of these claims. *Hardy v. Birmingham Bd. of Educ.,* 954 F.2d 1546, 1553 (11th Cir. 1992) (*citing England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964) (federal abstention doctrine recognizes the "role of state courts as the final expositors of state law")) (other citation omitted).

For these reasons, the Court concludes that Sawyer's remaining state law claims are best adjudicated by the state courts.

## CONCLUSION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Defendant's First Motion to Dismiss the Second Amended Complaint, ECF No. 44, should be **TERMINATED as moot**; and

2. Under 28 U.S.C. § 1367(a) the Court should decline to exercise supplemental jurisdiction over the state law claims remaining in this action and **DISMISS** the case **without prejudice**. Further, under 28 U.S.C. § 1367(d), the period of limitations for the state law claims dismissed in this

case should be tolled for a period of 30 days after dismissal unless State law provides for a longer tolling period.

**IN CHAMBERS** in Gainesville, Florida this 18th day of March 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.